UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NUMBER 18-00120

DAVONTE DEJEAN, #37538-034                  SECTION "T"(1)


ORDER AND REASONS


The Court has before it *pro se* Defendant Davonte Dejean's Motion to Vacate his Sentence and Conviction pursuant to 28 U.S.C. § 2255. R. Doc. 139. The Government has responded in opposition. R. Doc. 145. Having considered the parties' briefing and the applicable law, the Court will DENY Dejean's Motion.

I.      BACKGROUND

Dejean was charged under a four-count Superseding Indictment for possession of ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g) ("Count One"); possession with the intent to distribute cocaine base in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count Two"); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Three"); and possession of a firearm and ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g) ("Count Four"). R. Doc. 41. Count One pertained to a shooting in which Dejean was allegedly involved on May 21, 2017, and the remainder of the counts to evidence located pursuant to warrant-authorized searches of Dejean's vehicle following his arrest on May 22, 2017. *See id.* Dejean pleaded guilty to Courts Two, Three,

1

and Four pursuant to a plea agreement, *see* R. Docs. 50; 51; 52, and he was sentenced to a total term of imprisonment of 190 months. R. Doc. 114.

As part of Dejean's plea agreement, the Government agreed to dismiss Count One at sentencing, but noted on the record during Dejean's rearraignment hearing that the alleged conduct underlying Count One could still be considered as relevant conduct for sentencing purposes. R. Doc. 68 at 13. Dejean confirmed that he understood this. *Id.* Dejean's plea agreement also contained a waiver of his rights to directly appeal his conviction and sentence, except with regard to a sentence imposed in excess of the statutory maximum, as well as a waiver of his rights to collaterally challenge his sentence, except to raise a claim of ineffective assistance of counsel. *See* R. Doc. 52 at 3. Dejean specifically acknowledged his understanding of these rights and the fact that he was waiving them during his rearraignment hearing. R. Doc. 68 at 14.

However, prior to his sentencing hearing, Dejean filed a motion seeking to withdraw his guilty plea. R. Doc. 76. Dejean argued that he did not understand that the May 21, 2017, shooting he had been charged in connection with in Count One would be considered by the Court in determining his sentence. R. Doc. 76. The Court denied that motion, explaining that Dejean had "indicated his understanding repeatedly as to the terms of the plea agreement, including the charges, maximum penalties, factual bases, proffered evidence, and the Court's discretion in sentencing[,]" including explicitly affirming his understanding that the allegations underlying Count One could still be considered as relevant conduct for the purpose of sentencing him. R. Doc. 112 at 3.

At the sentencing hearing, both the Government and Dejean presented witness testimony in support of their arguments that Dejean had or had not been involved in the May 21, 2017, shooting. R. Doc. 128 at 6–55. Ultimately, the Court overruled Dejean's objection to the inclusion

of this shooting as relevant conduct in his presentence investigation report ("PSR"), R. Doc. 97, finding that there was sufficient evidence that Dejean had been involved. R. Doc. 128 at 55–56. The Court then sentenced Dejean to a term of 130 months as to Count Two and 120 months as to Count Four, to run concurrently; and a term of 60 months for Count Three, to run consecutively. Rec. Doc. 114. The sentences on all counts were within both the statutory and guidelines ranges for the charged offenses. *See* R. Doc. 97 at 15–16.

After unsuccessfully appealing this Court's denial of his motion to withdraw his guilty plea to the Fifth Circuit, *see United States v. Dejean*, 2022 WL 4104028, at *1 (5th Cir. Sept. 8, 2022), *cert. denied*, 143 S. Ct. 832 (2023), Dejean filed the instant motion for collateral relief under 28 U.S.C. § 2255.

## II.      LAW AND ANALYSIS

Dejean raises three arguments in his § 2255 motion. *See* R. Doc. 139-1 at 15–30. First, Dejean argues that his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g) is unconstitutional following the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). *Id.* at 17–21. Second, Dejean asserts that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), required a jury to find any aggravating facts used to increase his sentence. *Id.* at 21–25. Third, Dejean alleges that his counsel was ineffective for (1) failing to argue that the search of Dejean's vehicle that located the evidence underlying Counts Two, Three, and Four was performed in violation of his Fourth Amendment rights; (2) failing to argue that Dejean was innocent of the May 21, 2017, shooting; and (3) failing to raise *Apprendi* in objection to the inclusion of the May 21, 2017, shooting as conduct relevant to the Court's determination of Dejean's sentence. *Id.* at 25–30.

As an initial matter, the Court notes that Dejean's arguments under *Bruen* and *Apprendi* are clearly barred by the terms of Dejean's plea agreement. *See* R. Doc. 52 at 3. As explained by

3

the Court at Dejean's rearraignment, Dejean can raise these claims only if he "can show that ineffective assistance of counsel affected the validity of [his] guilty plea or [his] waiver of appeal or collateral challenge rights[.]" R. Doc. 68 at 14. Accordingly, the Court must first consider Dejean's claims regarding ineffective assistance of counsel.

"Under *Strickland v. Washington*, to establish an ineffective assistance of counsel claim, a petitioner must show both that his counsel's performance was constitutionally deficient and also that he suffered prejudice as a result of the deficiency." *United States v. Henry*, 2010 WL 2998888, at *3 (E.D. La. July 28, 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984)). "If the Court finds that the petitioner has made an insufficient showing as to either prong, it may dispose of the claim without addressing the other prong." *Id.* (citing *Strickland*, 466 U.S. at 697; *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999)).

Dejean argues first that his counsel's performance was deficient for failing to argue that the search of Dejean's vehicle violated his Fourth Amendment rights. Dejean was arrested by Jefferson Parish Sheriff's Office ("JPSO") deputies on May 22, 2017. R. Doc. 51 at 2. JPSO deputies executed a search warrant for the vehicle and located one spent 9mm shell casing. *Id.* The vehicle was then released to St. Bernard Towing Company for impound. *Id.* A tow truck driver had to move the vehicle when unloading it at the tow yard but was unable to do so because the gear lever was stuck. *Id.* In his attempts to free the gear lever, the tow truck driver discovered a handgun in the console and called the St. Bernard Sheriff's Office ("SBSO"). *Id.* SBSO deputies obtained a second search warrant for the vehicle. *Id.* The second search of the vehicle produced a firearm, ammunition, cocaine base, and a digital scale. *Id.* Based on these facts, Dejean argues that the tow truck driver's "search" of his vehicle was performed in violation of his Fourth Amendment

4

rights, and that his counsel was thus ineffective for failing to raise this issue and move the Court to exclude the evidence produced by the resultant second police search.

However, the tow truck driver was not a government actor, and the Fourth Amendment applies only to searches performed by government actors. *See, e.g.*, *United States v. Dahlstrom*, 180 F.3d 677, 682 (5th Cir. 1999) ("The Fourth Amendment applies only to government action. Evidence that is retrieved by a private individual may be admitted at a criminal trial."). It is uncontested that the two searches of Dejean's car by law enforcement were properly performed pursuant to warrants. Thus, Dejean's counsel was not ineffective for failing to raise the non-meritorious Fourth Amendment argument Dejean asserts here.

Next, Dejean argues that his counsel's performance was deficient for failing to argue that Dejean was innocent of the May 21, 2017, shooting.  Dejean asserts that his counsel failed to argue that Dejean was not in the vehicle when this shooting took place, that his DNA was not on the firearms in the vehicle, that he regularly loaned out his vehicle, that his firearm was used in a second shooting with which he was not involved, that the shooting was perpetrated by another person, and that he did not know about the hiding place in the vehicle where the firearm and drugs were found. R. Doc. 139-1 at 26–28. However, these assertions are clearly belied by the record in this case: Dejean's counsel made every one of these arguments in objections to the PSR, in a sentencing memorandum, and at the sentencing hearing. *See* R. Docs. 69; 107; 128. Likewise belied is Dejean's claim that his counsel was ineffective because Dejean "never had a chance to have witnesses on his own behalf validate his innocen[c]e[;]" on the contrary, counsel presented three witnesses in support of Dejean's claim that he was not involved in the May 21, 2017, shooting at his sentencing hearing. R. Doc. 128 at 22–47. Therefore, Dejean's counsel was not ineffective on this basis.

Finally, Dejean argues that his counsel's performance was deficient for failing to raise *Apprendi* in objection to the inclusion of the May 21, 2017, shooting as conduct relevant to the Court's determination of Dejean's sentence. 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury and proved beyond a reasonable doubt." *Id.* at 490 (emphasis added). But, here, the Court did not find any facts that increased Dejean's sentence beyond the statutory maximum for his crimes, and it is well established that *Apprendi* does not prevent courts from making factual findings in determining the appropriate sentence *within the statutory range. See, e.g.*, *Rita v. United States*, 551 U.S. 338, 352 (2007) (explaining that the Supreme Court's Sixth Amendment cases "do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence"); *United States v. Collins*, 774 F.3d 256, 266 (5th Cir. 2014) (explaining that *Apprendi* and its progeny "do not apply to guidelines calculations that . . . fall within the statutory range"); *United States v. McWaine*, 290 F.3d 269, 276 (5th Cir. 2002) (holding that "*Apprendi* poses no obstacle to guideline calculations that do not result in a sentence exceeding the statutory maximum on any single count"). Thus, Dejean's attorneys were not ineffective for failing to raise a non-meritorious argument under *Apprendi* in reference to Dejean's sentencing.

Having held that Dejean's counsel was not ineffective, the Court cannot conclude that any ineffectiveness of counsel affected the validity of Dejean's guilty plea, or his waiver of his rights to appeal or collaterally challenge his conviction and sentence. Thus, the remainder of Dejean's arguments are barred by the terms of Dejean's binding plea agreement, and this Court cannot consider them.

III.     CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Davonte Dejean's Motion to

Vacate his Sentence and Conviction pursuant to 28 U.S.C. § 2255 is **DENIED**.


New Orleans, Louisiana, this 6th day of November, 2023.


_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE