UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 2:18-cr-120 |
| DAVONTE DEJEAN | SECTION: T (1) |

## ORDER AND REASONS

Before the Court is the defendant's, Davonte Dejean, Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b) and 59(e) and Motion to Supplement a Pleading pursuant to Fed. R. Civ. P. 15(d). R. Doc. 152. For the following reasons, the Court **DISMISSES** without prejudice the Motion for Reconsideration and **DENIES** the Motion to Supplement a Pleading.

## BACKGROUND

On February 11, 2020, Dejean pleaded guilty to possession with the intent to distribute cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm and ammunition after a felony conviction. See R. Doc. 52. The Court sentenced Dejean to 190 months of imprisonment on November 30, 2021. R. Doc. 114. The defendant filed a direct appeal to the Fifth Circuit. *See United States v. Dejean*, No. 21-30755, 2022 WL 4104028, at *1 (5th Cir. Sept. 8, 2022), *cert. denied*, 143 S. Ct. 832, 215 L. Ed. 2d 77 (2023). The Fifth Circuit affirmed the Court's decision to not permit Dejean to withdraw his guilty plea and dismissed Dejean's sentencing claim due to the appellate waiver in his plea agreement. *Id*.

Dejean later filed a Motion to Vacate under 28 U.S.C § 2255. R. Doc. 139. There, he alleged: (1) his conviction for being a felon in possession of a firearm under 18 U.S.C § 922(g) was unconstitutional after the Supreme Court's decision in *New York State Rifle & Pistol*

1

*Association v. Bruen*, 142 S. Ct. 2111 (2022), (2) that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) required a jury to find any aggravating facts used to increase his sentence, and (3) ineffective assistance of counsel claims. *See id.* at 3. The Court denied Dejean's motion because claims (1) and (2) were waived by the plea agreement and held Dejean's counsel was not ineffective. R. Doc. 146.

Dejean files this instant Motion for Reconsideration under Fed. R. Civ. P. 60(b). R. Doc. 152. In his memorandum of law, Dejean also cites Federal Rules of Civil Procedure 15(d) to supplement his original § 2255 petition, and 59(e) as grounds to reopen his habeas proceedings. Dejean first argues the Court lacks subject matter jurisdiction because "Title 44 U.S.C. §§ 1503, 1505(a), or 1507, or Title 5 U.S.C. §§ 553(b), 706(2)(A)-(D) / or Title 21 U.S.C . 841(a)(l), and Title 21 C.F.R. § 1306.04(a), Title 18 U.S.C. § 922(g)(l), Title 27 C.F.R. § 478.32(a)(l), and Title 18 U.S.C. § 924(c)(l)(A)(i), [of] the Governments ' indictment does not raise a federal question." *Id.* at 4 (cleaned up). Dejean next argues that his convictions under 21 U.S.C. § 841(a)(l) and 18 U.S.C. 922(g)(l) are invalid because the Indictment only charged him with statutes under the United States Code and did not list any Code of Federal Regulation (CFR) citations. *Id.* at 5-6. Dejean also argues that 21 U.S.C. § 841(a)(l) (distribution of a controlled substance or possession with intent to distribute a controlled substance) does not have a provision in the United States Sentencing Guidelines; is not a drug trafficking crime for the purposes of 18 U.S.C § 924(c); and is thus an "infraction." *See id.* at 13-15. Dejean concludes that, because his conduct was merely an "infraction," pursuant to USSG §1B1.9, the Sentencing Guidelines do not apply to his conviction. R. Doc. 152-1 at 16.

2

<u>**LAW & ANALYSIS**</u>

1. **Dejean's Rule 59(e) Motion Is Untimely**

Although motions for reconsideration "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." *United States v. Cotto*, No. 16-36, 2020 WL 3832809, at *1 (E.D. La. July 8, 2020) (quoting *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991)). This can be made through a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *See United States v. Garrett*, 15 F.4th 335, 339 (5th Cir. 2021). However, a defendant has only twenty-eight (28) days after a judgment to file the Rule 59(e) motion. *See e.g.*, *United States v. Daggs*, No. CR 09-166, 2024 WL 1974491, at *1 (E.D. La. May 3, 2024) (citing Fed. R. Civ. P. 59(e)).

Here, Dejean's Rule 59(e) motion is tardy. Although it is unclear what judgment Dejean seeks to amend, this motion, originally filed on July 29, 2024, is more than nine months after the Court's most recent action on November 6, 2023.

2. **Dejean Cannot Supplement His First § 2255 Petition Through Rule 15(d)**

Fed. R. Civ. P. 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Court can deny a request for supplemental pleading when the pleading does not allege any allegations that occurred *after* the events in the original pleading. *See, e.g.*, *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998); *Kotevski v. Clinton*, No. CV 24-310-BAJ-RLB, 2024 WL 4495502, at *1 (M.D. La. Oct. 15, 2024).

3

Dejean's request does not discuss any events that happened after his § 2255 petition, let alone after the Court's original judgment on November 30, 2021. *See generally* R. Doc. 152. Therefore, the Court finds Rule 15(d) does not apply and denies the defendant's request to supplement any pleading including his first § 2255 petition.

3. **The Court Lacks Jurisdiction Over Dejean's Rule 60(b) Motion**

The Court must first determine it has jurisdiction over a proposed Rule 60 motion. *See, e.g., Oxley v. Cain*, No. CIV.A. 11-669-JJB, 2013 WL 5651314, at *2 (M.D. La. Oct. 15, 2013).

Dejean submits that his motion is proper under Rule 60(b) because "mistake as used in Rule 60(b)(1) encompasses any type of mistake or error on the part the court." R. Doc. 159 at 1-2 (cleaned up). He also argues that this Court may change an order upon a showing that the "purposes…have not been fully achieved." *Id.* at 4 (citing *United States v. United Shoe Mach. Corp.*, 391 U.S. 244, 248, 88 S. Ct. 1496, 1499, 20 L. Ed. 2d 562 (1968)). Dejean otherwise does not address why the Court has jurisdiction over his Rule 60(b) motion. *See* R. Doc. 152; R. Doc. 159.

The government argues Dejean's motion is not proper under Rule 60(b). R. Doc. 153 at 4-5. Because the motion concerns whether the Indictment was properly alleged and whether the Sentencing Guidelines properly apply to his conviction, Dejean does not assert a procedural error required for Rule 60(b) reconsideration. *Id.* Rather his motion is a successive § 2255 habeas petition in disguise. *Id.* This Court therefore lacks jurisdiction over this successive habeas petition because Dejean did not seek and obtain certification from the Fifth Circuit to pursue these claims. *Id.* at 5; 28 U.S.C. § 2244; 28 U.S.C. § 2255(h).

4

In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641 (2005), the Supreme Court stated that a proper Rule 60(b) motion does not contain a habeas "claim," and thus should not be construed as a successive petition, when the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532, 125 S.Ct. at 2648 (footnote omitted).

Courts have construed the difference between a successive § 2255 habeas petition and a Rule 60(b) motion "along the lines of substance and procedure." *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014). "A motion is substantive—and thus a successive habeas petition—if it 'seeks to add a new ground for relief.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 532). A proper Rule 60(b) motion asserts a procedural defect such as a previous ruling that "preclude[d] a merits determination." *Gonzalez,* 545 U.S. 532 n. 4.

These "[p]rocedural defects are narrowly construed." *In re Coleman,* 768 F.3d at 371. "They include fraud on the habeas court, as well as erroneous previous rulings which precluded a merits determination—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* (internal brackets, quotations marks, and ellipsis omitted). "'[A]ttack[s] based on the movant's own conduct, or his habeas counsel's omissions,' which 'do not go to the integrity of the proceedings, but in effect ask for a second chance to have the merits determined favorably'" are not proper Rule 60(b) motions. *Id.* (quoting *Gonzalez*, 545 U.S. at 532 n.5).

The arguments in Dejean's proposed Rule 60(b) motion do not challenge the integrity of the federal habeas proceedings. Nor does he detail any procedural impediment that prevented the

5

Court from addressing his arguments in his first § 2255 motion or at sentencing. Instead, for the first time, Dejean argues this Court lacks subject matter jurisdiction over his prosecution because, somehow, violating federal criminal statutes does not raise a federal question, and that the Indictment is "invalid" because he was not charged simultaneously with a CFR citation. R. Doc. 152. These substantive arguments merely "seek [] to add a new ground for relief" and are not procedural. *In re Coleman*, 768 F.3d at 371.

Dejean's Rule 60(b) motion is thus a successive § 2255 habeas petition, which this court lacks jurisdiction to adjudicate absent authorization from the Fifth Circuit. *See Peucker v. Dir., TDCJ-CID*, No. 3:18-CV-1370-D, 2022 WL 2237440, at *2 (N.D. Tex. June 22, 2022) (citing 28 U.S.C. § 2244(b)(3)(A) and (B) (providing that, before a petitioner can file a second or successive application in the district court, a three-judge panel of the appropriate court of appeals must determine whether the application makes the requisite prima facie showing)). Therefore, the court dismisses Dejean's petition without prejudice for lack of jurisdiction because the motion is a disguised successive petition. He may seek leave from the United States Court of Appeals for the Fifth Circuit to file a successive application. *Peucker,* 2022 WL 2237440, at *2 (citing 28 U.S.C. § 2244(b)(3)).

Accordingly,

**IT IS ORDERED** that the defendant's Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b) and 59(e) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the defendant's Motion to Supplement a Pleading pursuant to Fed. R. Civ. P. 15(d) is **DENIED.**

New Orleans, Louisiana, this 6th day of November 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

7