UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 2:18-cr-120 |
| DAVONTE DEJEAN | SECTION: T (1) |

**ORDER AND REASONS**

Before the Court is Defendant Davonte DeJean's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). R. Doc. 173. The Government opposes the Motion, R. Doc. 175, and Mr. DeJean has submitted a reply memorandum in support, R. Doc. 177. Having considered the parties' arguments, along with the applicable law and facts, the Court **DISMISSES** the Motion without prejudice, to refile upon satisfaction of 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.

**I. BACKGROUND**

On February 11, 2020, DeJean pleaded guilty to possession with the intent to distribute cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm and ammunition after a felony conviction. *See* R. Doc. 52. The Court sentenced DeJean to a term of imprisonment of 190 months on November 30, 2021. R. Doc. 114. The defendant filed a direct appeal to the Fifth Circuit. *See United States v. DeJean*, No. 21-30755, 2022 WL 4104028, at *1 (5th Cir. Sept. 8, 2022), *cert. denied*, 143 S. Ct. 832, 215 L. Ed. 2d 77 (2023). The Fifth Circuit affirmed the Court's decision to not permit DeJean to withdraw his guilty plea and dismissed DeJean's sentencing claim due to the appellate waiver in his plea agreement. *Id*.

In 2023, DeJean filed a Motion to Vacate under 28 U.S.C § 2255. R. Doc. 139. There, he alleged: (1) his conviction for being a felon in possession of a firearm under 18 U.S.C § 922(g) was unconstitutional after the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022); (2) that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), required a jury to find any aggravating facts used to increase his sentence; and (3) ineffective assistance of counsel claims. *See* R. Doc. 139, p. 3. The Court denied DeJean's motion because claims (1) and (2) were waived by the plea agreement and held DeJean's counsel was not ineffective. R. Doc. 146.

In 2024, DeJean filed a Motion for Reconsideration under Federal Rule of Civil Procedure 60(b). R. Doc. 152. In support, DeJean cited Rule 15(d) to supplement his original § 2255 petition and Rule 59(e) as grounds to reopen his habeas proceedings. R. Doc. 152-1. He first argued that the Court lacked subject matter jurisdiction because the Government's indictment did not raise a federal question. R. Doc. 152, p. 4. Second, he argued that his convictions under 21 U.S.C. § 841(a)(l) and 18 U.S.C. § 922(g)(l) are invalid because the Indictment only charged him with statutes under the United States Code and did not list any Code of Federal Regulation (CFR) citations. *Id.* at 5-6. Third, he also argued that because 21 U.S.C. § 841(a)(l) (distribution of a controlled substance or possession with intent to distribute a controlled substance) does not have a provision in the United States Sentencing Guidelines and is not a drug trafficking crime for the purposes of 18 U.S.C § 924(c), it is merely an "infraction" pursuant to USSG § 1B1.9 and the Sentencing Guidelines do not apply to his conviction. *See id.* at pp. 13-15; R. Doc. 152-1, p. 16.

The Court found that DeJean's Rule 59(e) motion was untimely, as it was filed more than nine months after the Court's most recent action.[1] R. Doc. 160, p. 3. Next, the Court found that Rule 15(d) did not apply and denied DeJean's request to supplement any pleading, including his first § 2255 petition. *Id.* at pp. 3-4. Additionally, the Court found that it lacked jurisdiction over DeJean's Rule 60(b) motion because the motion did not assert a procedural error required for Rule 60(b) reconsideration but was rather a successive § 2255 habeas petition in disguise, which the Court lacks jurisdiction to adjudicate absent authorization from the Fifth Circuit. *Id.* at pp. 4-6. Accordingly, the Court dismissed DeJean's Motion for Reconsideration and denied the Motion to Supplement a Pleading. *Id.* at p. 7.

DeJean subsequently filed another motion for relief under Federal Rule of Civil Procedure 60(b), as well as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). R. Docs. 163, 164. The Court dismissed both motions for lack of jurisdiction because they were successive § 2255 motions. R. Doc. 165.

In March of 2025, DeJean filed another motion for relief under Rule 60(b) and a motion to alter or amend judgment under Rule 59(e). R. Docs. 166, 167. The Court dismissed both motions for lack of jurisdiction because they were successive § 2255 motions. R. Doc. 168.

In May of 2025, DeJean filed a motion for writ of error *coram nobis* and a motion for leave to file declaratory judgment. R. Docs. 169, 170. Once again, the Court denied the motions for lack of jurisdiction because they were successive § 2255 motions. R. Doc. 172.

---

[1] A defendant has only twenty-eight days after a judgement to file a Rule 59(e) motion. *See, e.g.*, *United States v. Daggs*, No. CR 09-166, 2024 WL 1974491, at *1 (E.D. La. May 3, 2024) (Fallon, J.) (citing Fed. R. Civ. P. 59(e)).

On September 25, 2025, DeJean filed the instant Motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). In support, DeJean argues that (1) extraordinary and compelling reasons to reduce his sentence exist because the sentence imposed relied on conduct that cannot be used under current law; (2) the disparity between the sentence imposed and future sentences warrants relief; (3) his guilty plea was not intelligent or knowing because he was misled to believe that dismissal of Count One meant that the actions comprising the charge would not affect his sentence; and (4) the factors set forth in 18 U.S.C. § 3553(a) support an early release. R. Doc. 173, pp. 4-6.

The government has responded in opposition, asserting that the Motion should be denied because (1) DeJean has not met his burden to show that he has exhausted his administrative remedies and (2) DeJean has failed to identify any extraordinary and compelling reasons to justify his release. R. Doc. 175, p. 1. DeJean has filed a reply, contending, among other arguments, that the exhaustion requirement has now been satisfied because DeJean submitted a written request for compassionate release to the warden of his facility on November 12, 2025. R. Doc. 177, pp. 1-10.

## II. LAW & ANALYSIS

As a preliminary matter, a defendant may move the court for compassionate release after either (a) fully exhausting his administrative rights or (b) upon the lapse of thirty days from a request for relief to the warden of his facility, whichever occurs earlier. *See* 18 U.S.C. § 3582(c)(1)(A).[2] Once the exhaustion requirement has been satisfied, the district court may, upon

---

[2]The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

4

motion of the defendant, reduce a defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant such a reduction and, thereafter, a reduction would be in conformity with the sentencing factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1); *Ward v. United States*, 11 F.4th 354, 359-60 (5th Cir. 2021). The analysis of extraordinary and compelling reasons is informed by—and must be consistent with—applicable policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant has the burden of proving he is entitled to a reduction. *See Ward*, 11 F.4th at 361 (citation omitted).

The Court finds that DeJean has not satisfied the preliminary exhaustion requirement. The exhaustion requirement mandates that a defendant seeking a reduction in sentence must first either (a) "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (b) wait "30 days from the receipt of such a request by the warden of the defendant's facility" before filing a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). As noted by the Government, the Fifth Circuit has "clarified that the requirement that a defendant file a request with the Bureau of Prisons ('BOP') before filing a motion in federal

---

(c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
(1) in any case—
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
(i) extraordinary and compelling reasons warrant such a reduction . . .
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . ..

court is a mandatory, but non-jurisdictional, claim-processing rule." *United States v. Sentimore*, No. 04-382, 2020 WL 7630778, at *1 (E.D. La. Dec. 22, 2020) (Lemmon, J.) (citing *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020)). Accordingly, "[the requirement] is mandatory if properly raised, but may be waived or forfeited by an opposing party." *Id.* (citing *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019)). Furthermore, "[t]he defendant bears the burden of demonstrating that he has exhausted administrative remedies." *United States v. Singleton*, No. 14-168, 2022 WL 3576767, at *1 (E.D. La. Aug. 19, 2022) (Affrick, J.).

DeJean's instant Motion does not allege that he made a request for compassionate to the BOP, *see* R. Doc. 173, and the Government has properly raised the exhaustion requirement, R. Doc. 175, pp. 3-5. The Government stated in its response that it sought confirmation from the BOP that DeJean had not submitted a request to the warden of his facility with the instant claims. *Id.* at p. 4. While DeJean did send a request for compassionate release to the warden in 2023, that request—which was denied for failing to provide the minimum required information—was based on a change to the guidelines for crack cocaine convictions. *See* R. Doc. 175-1, pp. 1-2. In contrast, the instant motion is based on a 2024 change to the treatment of acquitted conduct and a 2024 Supreme Court case about the Armed Criminal Career Act. It is well-settled that the exhaustion requirement is not satisfied when the defendant previously sought administrative relief *on a different ground* than the ground presented to the district court. *See United States v. Cantu*, No. 7:17-cr-01046-2, 2022 WL 90853, at *1 (S.D. Tex. Jan. 5, 2022) (citing *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020)) ("[T]he exhaustion requirement applies to new arguments

6

or grounds for compassionate release developed after an earlier request for compassionate release."); *see also United States v. Ford*, No. 1:16-CR-19-HAB, 2021 WL 5980368, at *2 (N.D. Ind. Dec. 16, 2021) ("If a prisoner were only required to make one request to the BOP and forever after able to file new motions asserting new grounds for relief, the purpose of the exhaustion requirement would be severely undermined. Indeed, it would incentivize exactly the kind of line jumping and charging straight to federal court that administrative exhaustion is meant to prevent and removes the BOP from the important role it plays in evaluating prisoners' claims.") (internal quotation marks omitted). Thus, because DeJean had not, at the time of filing the instant Motion, submitted a request to the warden for compassionate release based on these developments, he did not properly exhaust his administrative remedies before filing the instant Motion.

DeJean has attempted to cure this deficiency by submitting a request for compassionate release to the warden of his facility, which he claims "explicitly stat[es] the same grounds raised in [the instant] motion," on November 12, 2025. R. Doc. 177, p. 2; *see also* R. Doc. 177-1, p. 1 (DeJean's November 12, 2025, request to the warden). "Because the Warden has not responded and thirty days will have elapsed before this Court rules," DeJean contends, "exhaustion is satisfied" and "[the Government's exhaustion] argument is now fully moot." R. Doc. 177, p. 2. DeJean cites authority from the Seventh and Eighth Circuits to assert that "[c]ourts regularly hold that a previously premature motion becomes ripe once a defendant exhausts administrative remedies while the motion is pending." *Id.* (citing *United States v. Smith*, 460 F. Supp. 3d 783, 795 (E.D. Ark. 2020); *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021)).

7

However, Fifth Circuit precedent mandates a different result. "[T]here can be no doubt," the Court wrote after reviewing caselaw in *Gonzales v. Seal*, "that *pre-filing* exhaustion . . . is mandatory." 702 F.3d 785, 788 (5th Cir. 2012) (emphasis added). *See also Franco*, 973 F.3d at 468 ("[A]ll requests for compassionate release must be presented to the Bureau of Prisons *before* they are litigated in the federal courts.") (emphasis added). The Fifth Circuit reviewed a decision with similar facts to the issue presently before the Court in *United States v. Garrett*, 15 F.4th 335 (5th Cir. 2021). There, the district court denied a defendant's motion for compassionate release because his request to the BOP was not received until two weeks after he had filed his motion. *Id.* at 338. Even though the BOP received the request before the court ruled on the motion, the Fifth Circuit noted that "the district court was correct that, *when his motion was filed* . . . [the defendant] had failed to satisfy the exhaustion requirement." *Id.* (emphasis added). Accordingly, the Court held that the district court's denial of the motion was proper, making clear that a defendant is "required 'to properly exhaust . . . *before* filing' the motion." *Id.* at 339-40 (citing *Gonzalez*, 702 F.3d at 788) (emphasis in original). Here, DeJean filed the instant motion on September 25, 2025, but his request to the BOP was not sent via email until November 12, 2025. Accordingly, DeJean, like the defendant in *Garrett*, has filed his motion prematurely.

Issues of timing notwithstanding, DeJean's motion lacks evidence of a properly submitted request to the warden of his facility. While DeJean did attach a copy of the November 12 email sent to the warden requesting compassionate release pursuant to § 3582, the request does not meet the BOP's minimum requirements and thus does not constitute a proper request necessary to satisfy

the exhaustion requirement. BOP regulations require an inmate's request to contain "at a minimum" (1) "the extraordinary or compelling circumstances that the inmate believes warrant consideration" and (2) "[p]roposed release plans, including where the inmate will reside, [and] how the inmate will support himself/herself." 28 C.F.R. § 571.61(a). The request DeJean provided to the Court states:

> I am writing to request compassionate release pursuant to Section 3582. The extraordinary and compelling reason that I am requesting compassionate release for is due to an enhancement that I was not convicted of. For the above stated reasons I am requesting compassionate release.
>
> Please review my request and respond at your earliest convenience.

R. Doc. 177-1, p. 1. Nowhere in the request does DeJean include the proposed release plans necessary for a proper request. See R. Doc. 177-1, p. 1. Because DeJean has not demonstrated substantial compliance with the available administrative remedies, he has not yet satisfied the exhaustion requirement.[3] *See, e.g.*, *United States v. Marzon*, No. CR 99-70, 2021 WL 4649799, at *2 (E.D. La. Oct. 7, 2021) (Lemelle, J.) ("Because [petitioner's] request did not explain his reentry plans, he has failed to provide the 'minimum information required for administrative requests, and therefore cannot be said to have exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A)."); *United States v. Murray*, No. CR 19-041, 2020 WL 4000858, at *4 (E.D. La. July 15, 2020) (Fallon, J.) (holding that petitioner did not exhaust administrative remedies when

---

[3] "Although some courts have not strictly required *pro se* litigants to meet all of [the] requirements [of 28 C.F.R. § 571.61], some factual recitation at a minimum is required for the warden to fairly evaluate the compassionate release request." *United States v. Lewis*, No. CR 14-282, 2021 WL 1090867, at *1 (E.D. La. Mar. 22, 2021) (Barbier, J.).

9

"he [did] not mention any specific proposed release plans that would allow the warden or the Court to evaluate whether his release into society would be feasible").

Further, DeJean's request to the warden only cites one ground for compassionate release: "an enhancement that [he] was not convicted of." R. Doc. 177-1, p. 1. The record is devoid of any further argument(s) DeJean made to the warden concerning his requested release. Meanwhile, the instant Motion argues numerous additional grounds for compassionate release, including unwarranted sentencing disparities, the lack of an intelligent and knowing plea, and a discussion of the § 3553(a) factors. R. Doc. 173, pp. 4-6. "[T]he exhaustion requirement applies to new arguments or grounds for compassionate release developed after an earlier request for compassionate release." *Rivas*, 833 F. App'x at 558. Stated differently, "the facts asserted in the petitioner's request to the warden and in his motion for compassionate release must be the same." *United States v. Moore*, No. CR 07-273, 2025 WL 986050, at *2 (E.D. La. Apr. 2, 2025) (Lemelle, J.) (citing *United States v. Gonzalez*, 849 F. App'x 116, 117 (5th Cir. 2021)). Accordingly, none of these additional arguments has been properly exhausted, and, had the Motion been filed 30 days after the warden received the request, they could not be considered by the Court.

Based on his failure to exhaust his claims alone, the Court is required to deny DeJean's motion for compassionate release. Because exhaustion is a threshold requirement for compassionate release, the Court does not consider whether DeJean has shown extraordinary and compelling reasons or whether the sentencing factors favor compassionate release. DeJean may re-file a motion for compassionate release after satisfaction of 18 U.S.C. § 3582(c)(1)(A)'s

10

exhaustion requirement with respect to each of the grounds raised in his motion.

Accordingly,

**IT IS ORDERED** that the defendant's Motion for Compassionate Release is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 19th day of December 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE